S. HATA SHOTEN, LTD., ET AL. *v.* UNITED STATES

**No. 5434.**—Invoices dated Osaka, Japan, November 24, 1937, etc.
Certified November 29, 1937, etc.
Entered at Hilo, T. H., December 14, 1937, etc.
Entry No. A–175, etc.

(Decided September 10, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for plaintiffs and the Assistant Attorney General for the United States, subject to the approval of the court:

(1) That the merchandise covered by the appeals enumerated in annexed schedule, marked "A" on the invoices and initialed by Examiners *L. F. B. Leslie F. Brewer BAB Bion A. Bridges*, consists of rubber-soled shoes of the same character and description as those covered by *Samura* v. *US*, Reap. Dec. 4437, and appraised on the same basis, and that the record in said decision may be incorporated herein.

(2) That the unit invoiced values of said shoes, plus packing and cases as invoiced, represent the foreign and export values as defined in section 402, tariff act of 1930.

(3) That the appeals as to all other merchandise not included *supra* and contained in the invoices is abandoned.

(4) That these cases may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the merchandise represented on the invoices by the items marked A and intialed by examiners L. F. B., Leslie F. Brewer; or B. A. B., Bion A. Bridges, such values are the unit invoiced values, plus packing and cases as invoiced.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.